IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GEORGE WALTER BREWSTER, III, | : |
| Petitioner, | : |
| VS. | : NO. 4:21-CV-00023-CDL-MSH |
| Sheriff GREG COUNTRYMAN, | : |
| Respondent. | : |

# ORDER

Presently pending before the Court is a document filed by *pro se* Petitioner George Walter Brewster, III that has been construed as a motion for a certificate of appealability ("COA") (ECF No. 19). Petitioner apparently seeks to appeal the Court's October 6, 2021 Order (ECF No. 17) adopting the recommendation of the United States Magistrate Judge (ECF No. 16) and granting Petitioner's motion to voluntarily dismiss this action without prejudice (ECF No. 14).

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal.[1] Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1);

---

[1] An order dismissing an action without prejudice on a party's own motion is generally not appealable. *See, e.g., Estate of Robbins v. Runyon*, 730 F. App'x 893, 894 (11th Cir. 2018) (per curiam) ("To the extent the district court's order can be read as having dismissed the case voluntarily without prejudice, it is no appealable final order over which [the Eleventh Circuit has] jurisdiction.").

28 U.S.C. § 2254, Rules 1(b), 11(a).  When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Reasonable jurists could not find that a dismissal of the instant action—at Petitioner's request, without prejudice, and after providing Petitioner with an opportunity to notify the Court if he did *not* intend to voluntarily dismiss the Petition—was debatable or wrong.  Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

    **SO ORDERED**, this **25th** day of **October, 2021**.

    S/Clay D. Land
    CLAY D. LAND
    U.S. DISTRICT COURT JUDGE
    MIDDLE DISTRICT OF GEORGIA